UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MELVIN BARHITE, JR.,

       Plaintiff,

v.                                             Case No. 2:13-CV-169

WAYNE TRIERWEILER, et al.,           HON. GORDON J. QUIST

       Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On July 8, 2015, Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R) recommending that the Court grant Defendants Bauman, Lindemuth, Phillipson, Krick, Scott, Kinsel, and Staley's motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. Defendants filed their motion on January 16, 2015. Plaintiff did not file a response. In his R & R, the magistrate judge recommended that the Court grant Defendants' motion because Plaintiff exhausted only one grievance through step III before filing his complaint in this case and that grievance was rejected at all steps as vague and failing to identify a staff member involved in the subject of the grievance. Thus, the magistrate judge concluded that Plaintiff failed to properly exhaust. In response to the R & R, Plaintiff has filed a motion titled "Motion for Court Help in Department of Corrections Violation of the ADA/RA Section 35.134 Retaliation or Corecion [sic]," which the Court construes as an Objection to the R & R.

Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After

conducting a *de novo* review of the R & R, Plaintiff's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and Defendants' motion should be granted.

In his Objection, Plaintiff asserts that the Michigan Department of Corrections (MDOC) acted to prevent Plaintiff from responding to Defendants' motion, including retaliating against Plaintiff by increasing his security classification and transferring Plaintiff to the Baraga Correctional Facility and damaging Plaintiff's legal property. Even accepting Plaintiff's assertions as true, Plaintiff was still able to file a written objection to the R & R and could and should have raised any argument he has why the Court should not grant Defendants' motion. Thus, Plaintiff has not been prevented from responding to Defendants' motion.

Plaintiff does not dispute that he failed to exhaust his claims. He argues, however, that he was not required file grievances on his Americans with Disabilities Act (ADA) and Rehabilitation Act (RA) claims under the MDOC's Policy Directive 03.02.130. Plaintiff contends that he need only file an ADA complaint with the MDOC. Plaintiff's argument is without merit. A plaintiff asserting a claim under the ADA or the RA must exhaust his administrative remedies, as required by the Prison Litigation Reform Act. *See Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001) (per curiam); *see also Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 988 (2002) (noting that the PLRA's exhaustion requirement is not limited to suits under 42 U.S.C. § 1983, but applies to any action under federal law brought by a prisoner concerning prison conditions). Accordingly, Plaintiff offers no persuasive reason for the Court to reject the R & R and deny Defendants' motion.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued July 8, 2015 (dkt. # 48) is **ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants Bauman, Lundemuth, Phillipson, Krick, Scott, Kinsel, and Staley's Motion for Summary Judgment (dkt. # 39) is **GRANTED**, and Plaintiff's claims against those Defendants are **DISMISSED WITHOUT PREJUDICE**.

The case will continue on Plaintiff's Eighth Amendment, ADA, and RA claims against Defendants Berhane and Westcomp.

Dated: September 2, 2015                    /s/ Gordon J. Quist
                                         GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE